■ IRVING MOSKOWITZ, Individually and Doing Business as MIDDLE ISLAND CENTER, et al., Appellants, v CIGNA PROPERTY AND CASUALTY COMPANY et al., Respondents, et al., Defendants. [640 NYS2d 533] —Order, Supreme Court, Suffolk County (Lawrence Newmark, J.), entered on or about February 16, 1995, which denied plaintiffs' motion seeking summary judgment in this action for a declaration that defendant Cigna Property and Casualty Company is obligated to defend and indemnify plaintiffs in an underlying negligence action, unanimously affirmed, without costs.

Since the bank's drive-through window was a permissible "operation" under the lease, and since drive-through customers must utilize driving space outside the bank building itself when approaching the window, an accident "arising out of" the "use" of that outside space would be covered by the insurance policy naming plaintiff-landlord as an additional insured. However, the record does not indicate how far the site of the accident was from the drive-through window or where the car was actually located when the skidding began. Under these circumstances, it cannot be said as a matter of law that the accident arose out of the use of the bank's facilities.

We have considered plaintiffs' remaining contention and find it to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.